FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFERY ALLEN FORTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES, INC., AND ABBVIE, INC.,<br><br>        Defendants. | NO. 2:24-CV-0279-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER |

BEFORE THE COURT is Plaintiff's Motion to Reconsider. ECF Nos. 17 and 20. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion to Reconsider (ECF Nos. 17 and 20) are DENIED.

**DISCUSSION**

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 1

Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

      A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of summary judgment. See *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

      Plaintiff has come forward with no new evidence that justifies

reconsideration. Plaintiff is merely rehashing evidence that he had earlier and contends the Court should reconsider. That is not the legal standard. The Court additionally relies on its reasoning in its Order Granting Defendants' Motion to Dismiss, ECF No. 15.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion to Reconsider, ECF Nos. 17 and 20, are **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to parties. The file remains **CLOSED.**

DATED January 27, 2025.

THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 3